**Order Filed on October 14, 2022**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re:

    Rajesh Shukla,

                Debtor.

Case No.: 22-10399

Chapter: 13

Hearing Date: September 8, 2022

Judge: John K. Sherwood

**DECISION AND ORDER REGARDING MOTION TO**
**EXPUNGE CLAIM OF ITRIA VENTURES LLC**

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby **ORDERED**.

DATED: October 14, 2022

_____
Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor: Rajesh Shukla
Case No.: 22-10399
Caption of Order: Decision and Order Regarding Motion to Expunge Claim of Itria Ventures LLC

# INTRODUCTION

This matter is before the Court upon the motion of the debtor, Rajesh Shukla ("Debtor"), to expunge the claim of Itria Ventures LLC ("Itria"). Itria's claim is based on two judgments against the Debtor which have been partially satisfied from the sale of the collateral supporting the claim. The major focus of the Debtor's objection has evolved, and now seems to be based on a request for a fair market value credit from the sale of collateral, a hotel property in Egg Harbor, New Jersey, which Itria sold for $700,000. The Debtor submits that the value of this property was at least $1.3 million and that he should be credited with this amount. Though the Court agrees with the Debtor that, in certain circumstances a borrower should be entitled to a fair market value credit even in the context of a commercial loan, the Debtor has not provided sufficient evidence that such a credit should be allowed in this case. Thus, the Debtor's motion will be denied.

# JURISDICTION

This Court has jurisdiction over the Debtor's motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

On March 18, 2022, the Debtor filed his motion to expunge the claim of Itria. [ECF No. 28]. Itria filed opposition to the Debtor's motion and cross moved to dismiss the case because, if

**Page 3**
Debtor:  Rajesh Shukla
Case No.:  22-10399
Caption of Order:  Decision and Order Regarding Motion to Expunge Claim of Itria Ventures LLC

the Itria claim was allowed, the Debtor's unsecured debts would exceed the statutory maximum for Chapter 13 cases set forth in section 109(e) of the Bankruptcy Code. [ECF No. 29]. In the original Motion to expunge, the Debtor argued that he agreed with Itria that he would be personally released from the debt if Itria was allowed to sell two properties that served as collateral – the hotel property in Egg Harbor described above, and a liquor store and building located in Cliffside Park, New Jersey. [ECF No. 28-3, ¶ 5]. After Itria denied the existence of any such agreement and noted that there was no written evidence thereof, the Debtor challenged the calculation of Itria's claim based on mathematical errors, interest calculations and legal fees. He requested more time to retain an accountant to prepare a report concerning these and potentially other issues. [ECF No. 31]. The Debtor's next submission was filed on June 2, 2022. [ECF No. 36]. It attached a lengthy accountant's report that the Debtor asked the court to "consider in its entirety." Instead of focusing on accounting issues, legal fees or interest rates, this submission highlighted the fair market value credit argument with respect to the Egg Harbor hotel property. This argument also featured in a subsequent filing on August 31, 2022, [ECF No. 40], and at oral argument which occurred on September 8, 2022.

The Debtor's fair market value credit argument was supported by the following evidence:

- The Egg Harbor property was purchased in 2003 for $2.1 million. Additionally, the Debtor invested $300,000 into the project to make repairs and address other costs. [ECF Nos. 36-1, ¶ 3 and 41, ¶ 5].

- In 2012, the tax assessed value of the hotel was $2.7 million. Ultimately, the Debtor was able to reduce the assessment down to $1.5 million in 2018. In 2019 and/or 2020, the assessed value was reduced to $1.3 million. [ECF No. 41, ¶ 6].

**Page 4**
Debtor:  Rajesh Shukla
Case No.:  22-10399
Caption of Order:  Decision and Order Regarding Motion to Expunge Claim of Itria Ventures LLC

- After Itria took possession of the property in October of 2018, it "intentionally let it get run down which resulted in the diminution of value of the property." Furthermore, Itria did not properly market the property thereby obtaining less for the property than it was worth. The Debtor suggests that he should be credited for an additional $600,000 - the difference between $1.3 million (the tax assessed value) and the $700,000 price that Itria ultimately obtained. [ECF No. 36-1, ¶¶ 7-8].

The acquisition price and assessed values for the Egg Harbor hotel property referred to above are part of the record and unchallenged. Itria challenges the Debtor's suggestion that it deliberately allowed the property to go into a state of disrepair and improperly marketed the property for sale.

Itria states that it did not take possession of the Egg Harbor property until March 25, 2019. It engaged a manager for the property who took photographs of the hotel. These photographs were attached to Itria's certification and demonstrate that the hotel was in deteriorated condition with visible damage to walls, ceiling, floors and the roof of the building. There were no occupants at the hotel, and it was not operating. Based on conversations with the property manager, it was determined that the best course would be to sell the property in "as is" condition. [ECF No. 39-1, ¶ 11].

In terms of the sale process, Itria first contacted parties that had expressed an interest in the property during the State Court foreclosure proceedings. Itria obtained an offer from one purchaser for $950,000. This purchaser declined to move forward with the sale due to the deteriorated condition of the hotel. Then, in July 2019, Itria hired a broker to sell the Egg Harbor property for a five percent commission. The broker decided to list the property at $750,000. In August 2019, the broker received two offers, for $750,000 and $825,000, but those sales also fell

**Page 5**
Debtor:  Rajesh Shukla
Case No.:  22-10399
Caption of Order:  Decision and Order Regarding Motion to Expunge Claim of Itria Ventures LLC

through. Finally, in November 2019, Itria entered into a contract to sell the hotel property to the ultimate buyer for $700,000. However, the sale was conditioned on the buyer obtaining financing for $1.5 million because the buyer anticipated needing at least $800,000 to repair the property. [See ECF No. 39-1, ¶¶ 12-16].

There is credibility to Itria's version of the events. Certainly, the hotel was in a state of severe disrepair when Itria took possession and control. The hotel was not operating or occupied at this time. The decision to sell the hotel in "as is" condition rather than reopen and operate it seems reasonable under the circumstances. As to the sale price obtained, it is certainly lower than the assessed value of $1.3 million, but the broker was motivated to get maximum value because it was paid on a commission basis. Itria was certainly motivated to get maximum value so that it could reduce the amount of its exposure on the debt. Based on the record as it now stands, there is no evidence to support the Debtor's contention that Itria deliberately allowed the property to go into a state of disrepair or that Itria's sale process was flawed.

Both the Debtor and Itria have submitted high quality briefs on issues concerning the right of a commercial borrower to obtain a fair market value credit as well as a borrower's right to assert impairment of collateral as a defense. Generally, this Court believes that under New Jersey law, there is an entitlement to a fair market value credit on a note where business or commercial property is involved. A court can apply equitable principles to impose a fair market value credit to prevent a windfall or where circumstances require equitable relief in the interests of justice. *See Citibank, N.A. v. Errico*, 251 N.J. Super. 236, 246-248 (App. Div. 1991). Here, the Debtor has not shown that Itria will be receiving a windfall in any sense. It is not as though Itria is holding the

**Page 6**
Debtor:  Rajesh Shukla
Case No.:  22-10399
Caption of Order:  Decision and Order Regarding Motion to Expunge Claim of Itria Ventures LLC

Egg Harbor property as an asset and refusing to give the Debtor credit for the value of that asset. Rather, the property was liquidated by Itria, and net proceeds were used to pay down the debt. The fact that Itria only received $700,000 for the property was disappointing but there is no evidence, other than the Debtor's conclusory statements, that this result was due to Itria's wrongdoing. There are no equitable reasons why the Debtor is entitled to a fair market credit under these circumstances.

When a bankruptcy court is confronted with a contested proof of claim, the rules concerning burden of proof are as follows: (1) a properly filed proof of claim is prima facie evidence of its validity; (2) the burden is on the objecting party to produce evidence in support of the objection and rebut the claimant's prima facie case; (3) the objecting party has the burden of establishing the grounds for disallowance of the proof of claim; (4) once the objecting party produces rebuttal evidence, the burden shifts back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *See VFB LLC v. Campbell Soup Co.*, 482 F.3d 624, 636 (3d Cir. 2007), *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 174 (3d Cir. 1992). Here, the Debtor has not satisfied his burden to produce evidence supporting the claim for a fair market value credit. Thus, the burden of proof has not shifted to Itria. Even if the burden of proof had shifted, Itria has presented credible evidence of: (i) the condition of the hotel property, (ii) its basis for selling the property in "as is" condition, and (iii) its efforts to pursue buyers for the property.

The Debtor's argument that there was an agreement to release him from personal liability if he allowed Itria to liquidate the collateral is supported only by his recollection. Itria denies that

**Page 7**
Debtor: Rajesh Shukla
Case No.: 22-10399
Caption of Order: Decision and Order Regarding Motion to Expunge Claim of Itria Ventures LLC

there was ever such an agreement and there is no evidence in the record memorializing it in writing. Generally, the Court agrees with the legal arguments set forth in Itria's brief, [ECF No. 29-16], that any modifications to agreements between the parties would have to be in writing and signed. Thus, the Court will not grant the Debtor's motion to expunge on this basis.

Finally, as to the accounting issues raised in the Debtor's motion to expunge, Itria responded to those arguments in detail. [*See* ECF Nos. 34 and 39-1]. It is not clear whether the Debtor intends to pursue any of these arguments further and/or whether any of the arguments are meaningful in a practical sense. The parties are directed to confer regarding the accounting issues and advise the Court whether any of the issues need to be resolved.

## **CONCLUSION**

For the reasons set forth above, it is ORDERED as follows:

1. The Debtor's motion to expunge Itria's claim is denied but the Court reserves jurisdiction to determine any accounting issues that still need to be resolved.

2. The Court reserves decision on Itria's cross-motion to dismiss the Chapter 13 case but believes that dismissal will be warranted if Itria's claim will cause the Debtor to exceed the debt limits for Chapter 13 as set forth in §109(e) of the Bankruptcy Code. Alternatively, the Debtor may move to convert his case to Chapter 7 or 11. The Debtor shall notify the Court within 15 days (from the date this ruling is entered on the docket) as to whether he will seek conversion of his case to another chapter.